# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

MARKEL INSURANCE COMPANY, )
                                                          )
     Plaintiff, )
                                                          )
vs. ) Case No. CIV-06-1111-F
                                                          )
MICHELLE SMITH, ANDREW )
GARVER, and DEAN MEIER, )
                                                          )
     Defendants. )

## ORDER

        The "Motion by Plaintiff to Transfer Case," filed December 14, 2006, is before the court. (Doc. no. 20.) The motion seeks a transfer under 28 U.S.C. § 1404(a), to the United States District Court for the District of Oregon. Only one defendant has been served, and that defendant has not filed any response to the motion to transfer. Accordingly, the motion is ready to be decided.

        Section 1404(a) provides that "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

        The preliminary issue is whether this action could have been brought in Oregon. The motion states that defendants Garver and Smith are residents of the State of Oregon. The motion states that plaintiff is incorporated in the State of Illinois and has its principal place of business in the State of Virginia, and that plaintiff is not incorporated in Oregon and that its principal place of business is not in Oregon. Defendant Meier's motion to dismiss (doc. no. 16) states that defendant Meier is a resident and citizen of the State of Oregon. His motion to dismiss is based on his

argument that this Western District of Oklahoma court lacks personal jurisdiction over him. The Amended Complaint alleges that there is more than $75,000.00 in issue in this declaratory judgment action, which is brought in the federal court based on diversity jurisdiction. The court finds and concludes that this action could have been brought in the United States District Court for Oregon based on diversity jurisdiction.

With the first condition of § 1404(a) satisfied, the next question is whether the transfer will serve the interests of justice and convenience. The motion states that defendant Meier has no objection to the transfer. Defendant Meier has also moved for dismissal from this action so long as it is pending in the instant court based on his argument that this court has no personal jurisdiction over him, an argument which defendant Meier would obviously not make were this case to be transferred to Oregon. The motion to transfer also states that plaintiff has attempted to serve defendant Smith via her civil attorney in Oregon, but that this attorney has advised he cannot accept service on her behalf. The motion further states that the same attorney has objected to litigation in Oklahoma. To date, the file does not reflect service upon defendants Smith or Garver. The motion to transfer states that defendant Garver is a resident of Oregon but that he is currently incarcerated in the State of Kentucky.

Upon review of these facts and other facts put forward in support of the transfer, the court finds and concludes that transfer of this action to the United States District Court of Oregon would serve the interests of justice and would also provide a more convenient forum for this litigation. Transfer will moot defendant Meier's motion to dismiss for lack of personal jurisdiction.

Accordingly, plaintiff Markel Insurance Company's motion to transfer (doc. no. 20) this action to the United States District Court of Oregon is **GRANTED**, and defendant Meier's motion to dismiss (doc. no. 16) is **STRICKEN** as moot. This

action is hereby **TRANSFERRED** to the United States District Court for the District of Oregon.

Dated this 5th day of January, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1111p004(pub).wpd

-3-